# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DR. BRIAN A. LEMPER, an individual; and )
AMERICAN REGENERATIVE )
TECHNOLOGIES, LLC; a Nevada limited )   Case No.: 2:12-cv-00950-GMN-PAL
liability company; )
                                                        )     **ORDER**
               Plaintiffs, )
  vs. )
                                                        )
LEGACY IP, LLC, a California limited )
liability company; ENNOVA DIRECT, LLC, a )
California limited liability company; PETER )
GARRETT, an individual; PAUL REGAN, an )
individual; DOES I through X, inclusive; and )
ROES I through X, inclusive, )
                                                        )
               Defendants. )

Pending before the Court is the Motion to Remand (ECF No. 9) filed by Plaintiffs Dr. Brian A. Lemper ("Dr. Lemper") and American Regenerative Technologies, LLC ("ART" or "ART, LLC") (collectively, "Plaintiffs"). Defendants Legacy IP, LLC ("Legacy"), Ennova Direct, LLC, Peter Garret, and Paul Regan (collectively, "Defendants") filed a Response (ECF No. 16) and Plaintiffs filed a Reply (ECF No. 20). For the reasons discussed below, the Court GRANTS Plaintiffs' Motion to Remand.

## I.   BACKGROUND

This case arises from an agreement ("Agreement") between the parties that "assigned an interest in patents and in ART to Defendants." (Pls.' Mot. to Remand 3: 5-6, ECF No. 9; *see also* Defs.' Resp. to Mot. to Remand Ex. A, ECF No. 16-1.) Plaintiffs filed this action in the Eighth Judicial District Court on April 26, 2012 asserting eleven causes of action: (1) Fraudulent Inducement; (2) Breach of Contract; (3) Breach of Contractual Covenant of Good

Faith; (4) Negligent Misrepresentation; (5) Tortious Interference of Contractual Relationship; (6) Intentional Interference with Prospective Economic Advantage; (7) Breach of Fiduciary Duty, Constructive Fraud; (8) Conversion; (9) Rescission; (10) Alter Ego; and (11) Preliminary and Permanent Injunction. (Compl. ¶¶ 48-139, ECF No. 1-2.)  Thereafter, on June 5, 2012, Defendants removed the action to this Court. (Not. of Removal, ECF No. 1.)  In its Notice of Removal, Defendants asserted that this Court has jurisdiction under 28 U.S.C. § 1338(a) because "Plaintiffs' claims necessarily rely upon determinations under federal patent law." (*Id.* at 2:9-10.)  Additionally, Defendants asserted in its Notice of Removal that this Court has jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000. (*Id.* at 2:11-4:2.)  In response, on June 27, 2012, Plaintiffs filed this motion to remand the case back to the Eighth Judicial District Court. (Mot. to Remand, ECF No. 9.)

**II.   LEGAL STANDARD**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  If a plaintiff files a civil action in state court, the defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. UpJohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

## III. DISCUSSION

### A. Jurisdiction under 28 U.S.C. § 1332

Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. With respect to a party's citizenship, a party's citizenship is to be determined at the time the complaint was filed and the removal effected. *See e.g.*, *Strotek Corp. v. Air. Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Although the Court agrees with the Defendants that the amount in controversy in this case exceeds the jurisdictional amount, the Court nevertheless finds that it lacks subject matter jurisdiction due to the incomplete diversity of the parties.

Defendants accurately point out that Plaintiff ART is a Nevada limited liability company. As a limited liability company, ART is a "citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 599 (9th Cir. 2006). Defendants argue that Dr. Lemper was the sole member of ART, LLC when this suit was commenced. Defendants further assert that, because Dr. Lemper is a citizen of Nevada, all Plaintiffs are Nevada citizens and all Defendants are California citizens, thus establishing complete diversity. On the other hand, Plaintiffs assert that Legacy, a California citizen, was a member of ART at the time the suit was commenced. If Plaintiffs are correct, ART is a citizen of both Nevada and California, thus destroying complete diversity. For the reasons discussed below, the Court finds that Legacy was a member of ART at the time this suit was commenced. Because ART is a citizen of both Nevada and California, there is incomplete diversity of citizenship among the parties in this action. Thus, this Court lacks subject matter under 28 U.S.C. § 1332.

Defendants argue that Legacy was not yet a member of ART when this suit was commenced by emphasizing language in the Agreement that states that "[ART] agrees to issue to [Legacy] a total of fifteen percent (15%) of the membership units in [ART]." (*See* Defs.'

Resp. to Mot. to Remand Ex. A, at § 1.1, ECF No. 16-1.)  From this language, Defendants draw the bare conclusion that ART was required to take some affirmative action before Legacy could actually become a member of the LLC.  However, this argument fails because Nevada Revised Statute 86.326(2) requires no such action in this situation.  Specifically, pursuant to Nevada Revised Statute 86.326(2)(a), as a person receiving a member's interest directly from the company, Legacy became a member "upon the consent of all the members and as of the time of such person's admission as reflected in the records of the company."  The words of the signed Agreement indicate such consent and provide the required record of the consent.  Thus, Legacy was a member of ART at the time that the Agreement was signed.

In a related argument, Defendants assert that Legacy could not be a member of ART because ART failed to amend its articles of organization with the Nevada Secretary of State to include Legacy as a member.  However, Defendants fail to provide any legal precedent for this bare assertion.  In fact, this argument fails because, under Nevada Revised Statute 86.161(1)(d), the articles of organization of a manager managed limited liability company need only state that name of the *initial* managers.  Because Legacy was not an initial manager, Legacy may still be one of ART's members, even if its name is absent from ART's articles of organization.  Thus, ART's failure to amend its articles of organization to include Legacy does not preclude Legacy from becoming a member.

Finally, Defendants argue that Dr. Lemper lacks standing to assert claims on behalf of ART and, thus, ART is a fraudulently joined party.  This argument also fails.  Specifically, Defendants devote nearly four pages to summarizing the law of derivative actions in Nevada.  However, Defendants fail to recognize that this action is a direct action; ART has brought suit against Defendants in its own name, as authorized by Nevada Revised Statute 86.281. *See* Nev. Rev. Stat. 86.281(1) ("A limited-liability company organized and existing pursuant to this

chapter may exercise the powers and privileges granted by this chapter and may: (1) [s]ue and be sued, complain and defend, in its name . . .").

For these reasons, the Court finds that it lacks subject matter jurisdiction under 28 U.S.C. § 1332.  Thus, diversity of jurisdiction was an improper ground for removal.

### B. Jurisdiction under 28 U.S.C. § 1338(a)

This Court has "original jurisdiction of any civil action arising under any Act of Congress relating to patents . . .." 28 U.S.C. § 1338(a).  However, under this statute, district courts have original jurisdiction only when a cause of action that arises under the federal patent law appears on the face of the plaintiff's well-pleaded complaint. *Holmes Grp., Inc. v. Vornado Air Circulation Sys, Inc.*, 535 U.S. 826, 830 (2002) (citing *Christianson v. Colt Indus Operating Corp.*, 486 U.S. 800, 809 (1988)).  Specifically, "[t]he plaintiff's well-pleaded complaint must 'establish[h] either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law . . ..'" *Holmes*, 535 U.S. at 830 (citing *Christianson*, 486 U.S. at 809).

Defendants argue that conversion claims in cases that involve patents are always preempted by federal patent law.  Defendants further assert that due to this preemption, Plaintiffs' conversion claim arises under federal patent law and is, thus, within the limit of this Court's original jurisdiction under 28 U.S.C. § 1338.  To support this proposition, Defendants rely solely on nonbinding authority that consists of unreported district court cases from the Eastern District of California and the District of Oregon.  Moreover, Defendants fail to address contrary binding authority from the Federal Circuit. *See HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co., Ltd.*, 600 F.3d 1347, 1355-56 (Fed. Cir. 2010).  In *HIF Bio*, the Federal Circuit determined that a conversion claim arises under federal patent law only when a plaintiff lacks "an alternative, non-patent theory" that could entitle the plaintiff to relief. *Id.* ("[P]laintiffs could establish conversion by reference to the defendants' alleged misappropriation of

experiments, pre-publication experimental data, and nonpublic, pre-publication drafts of paper"). Thus, in that case, patent law was not an essential element of plaintiff's well-pleaded claim. *Id.*

In this case, Plaintiffs' conversion claim is similar to the conversion claim in *HIF Bio*. Defendants have failed to establish that Plaintiffs have no "alternative, non-patent theory" on which they would be entitled to relief. *See HIF Bio*, 600F.3d at 1355-56. Because "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *Gaus*, 980 F.2d at 566, the Court cannot find that Defendants have met their burden in establishing that Plaintiffs' well-pleaded claims arise under federal patent law. For these reasons, the Court finds that it also lacks subject matter jurisdiction under 28 U.S.C. § 1338(a). Thus, Plaintiffs' Motion to Remand (ECF No. 9) is GRANTED.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 9) is **GRANTED**.

The case is hereby remanded to the Eighth Judicial District Court.

**DATED** this __1__ day of __December__, 2012.

_____
Gloria M. Navarro
United States District Judge